IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

KISHORE KRIPALANI,

    Debtor

_____/

No. C-13-3624 MMC

Bankruptcy Case No. 13-30374

**ORDER DIRECTING APPELLANT TO SHOW CAUSE WHY REQUEST FOR STAY PENDING APPEAL SHOULD NOT BE DENIED FOR FAILURE TO COMPLY WITH RULE 8005; CONTINUING HEARING**

    Before the Court is appellant Kishore Kripalani's ("Kripalani") Request for Stay Pending Appeal, filed September 3, 2013, by which appellant seeks an order staying the Bankruptcy Court's order that an unlawful detainer action filed by Wells Fargo Bank, N.A. ("Wells Fargo") against Kripalani was not subject to the automatic stay provisions of the Bankruptcy Code. Wells Fargo has filed opposition, to which Kripalani has replied. Having read and considered the parties' respective written submissions, the Court, for the reasons stated below, will direct Kripalani to show cause why the instant request should not be denied for failure to comply with Rule 8005 of the Federal Rules of Bankruptcy Procedure.

    Rule 8005 provides as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge

> may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .

See Fed. R. Bankr. P. 8005.

Under Rule 8005, a district court "has the power to stay an order or judgment of the Bankruptcy Court, or 'other relief pending appeal,' as long as such relief was first sought in the Bankruptcy Court." See In re Petrusch, 14 B.R. 825, 826 n.1 (N.D. N.Y. 1981); see also In re Roberts Farms, Inc., 652 F.2d 793, 795, 798 (9th Cir. 1981) (holding, in interpreting predecessor to Rule 8005, "first step" in obtaining stay pending appeal is to "apply to the bankruptcy judge for a stay"; referring to such requirement as "unambiguous").[1] Consequently, in determining whether an appellant is entitled to a stay pending appeal, the district court does not consider the matter in the first instance, but, rather, reviews the bankruptcy court's denial of a request for a stay for abuse of discretion. See In re Wilson, 53 B.R. 123, 124 (D. Mt. 1985) (denying motion for stay of bankruptcy court's order pending appeal, where appellant failed to first seek such relief from bankruptcy court; noting, "the Court will not assume duties which are ordinarily functions of the trial court"); see also In re Wymer, 5 B.R. 802, 808 (B.A.P. 9th Cir. 1980) (holding "rule" requiring appellant to initially seek stay from bankruptcy court is necessary so as not to "distort the delicate balance between trial and appellate levels and deny recognition of their respective roles").

Here, Kripalani, in his motion, does not indicate he sought a stay from the Bankruptcy Court, and a review of the Bankruptcy Court's docket shows he did not. In his reply, Kripalani concedes he did not seek a stay from the Bankruptcy Court, and asserts he did not because the Bankruptcy Court was "unlikely" to grant a stay given it had found

---

[1] In the predecessor to Rule 8005, the provisions pertaining to stays pending appeal are in all material respects indistinguishable from those in Rule 8005. Compare id. at 795 n.1 (quoting predecessor to Rule 8005), with Fed. R. Bankr. P. 8005.

Wells Fargo's unlawful detainer action was not subject to an automatic stay.  (See Appellant's Reply, filed September 23, 2013, at 1:13-19.)[2]  Kripalani cites no authority for his assertion that an appellant should be excused from seeking a stay from the bankruptcy court simply because the bankruptcy court found against him on the merits of the issue being appealed.  Under Rule 8005, as noted, an appellant "ordinarily" is required to file a motion for a stay with the bankruptcy court, see Fed. R. Bankr P. 8005, and Kripalani fails to show the instant request for a stay is not an "ordinary" request, i.e., a request made by a party appealing an adverse decision, see Wymer, 5 B.R. at 808 (holding "power to stay enforcement of a judgment" is "usually exercised by the trial court" in the first instance; noting, "appellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge").

Accordingly, Kripalani is hereby DIRECTED to show cause, in writing and no later than October 11, 2013, why his request for a stay pending appeal should not be denied without prejudice to Kripalani's first seeking such relief from the Bankruptcy Court.

Finally, in light of the instant order, the hearing on Kripalani's request for a stay pending appeal is hereby CONTINUED to October 18, 2013, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: October 7, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] Kripalani also asserts he did not seek a stay from the bankruptcy court because, according to Kripalani, the bankruptcy court had issued an adverse ruling in the context of an "adversary proceeding."  (See id. at 1:19-24.)  Kripalani fails to state the nature of any such ruling, and, in any event, the instant appeal does not seek relief from an order issued in the context of an adversary proceeding.